# RICHMOND SUPERIOR COURT.

## JANUARY TERM, 1843.

---

### VARIANCE.

---

## GEORGE W. SUMMERS *vs*. PHILIP H. MANTZ and JOHN A. CAMERON, Administrators, &c.

### *Debt, suggesting a Devastavit.*

In an action of Debt on judgment, where the declaration alleges the recovery of a *sum certain*, for costs in the former suit, and the original judgment is left in *blank*, as to costs; the variance is fatal; and the record cannot be admitted as evidence.

This case is brought to this Court, from the Court of Common Pleas of the City of Augusta, by Certiorari, upon the exception, taken by the defendants, to the decision of the Judge of that Court, in admitting the judgment sued on, as evidence. The defendants objecting, on the ground of variance, between the pleadings and the evidence offered.

The facts, which appear in this case, from exceptions taken in the Court below, and certified to be correct by the Judge of that Court, are, that the action of debt is founded on a judgment of that Court, in favor of the plaintiff against defendants, for the sum of three hundred dollars, with interest, and the further sum of

for his cost, in his suit in this behalf expended. And in the above action, in setting out the judgment, the plaintiff states, "For that your petitioner, by the consideration and judgment of said "Honorable Court, at the October term thereof, in the year of our "Lord one thousand eight hundred and forty-one, recovered against "the said Philip H. and the said John A., administrators as aforesaid, "the sum of three hundred dollars, as his principal debt, and interest "on said principal, from the thirteenth day of October, eighteen hun- "dred and thirty-nine until paid, with three dollars, the cost of noting "and protest, and thirteen dollars and twenty-three cents, cost of

" suit, which in and by this Honorable Court, were then and there " adjudged to your petitioner, for his damage which he had sustained, " as well by reason of the non-performance of the said James Lever- " ich, in his life time, of certain promises and undertakings then " lately made by the said James in his life time, to your petitioner, " as for his costs and charges, by him about his suit in that behalf ex- " pended. Whereof the said Philip H. and the said John A. admin- " istrators as aforesaid, were convicted, as by the records and pro- " ceedings in this Honorable Court more fully appears." And when the plaintiff offered the proceedings and judgment, as they appeared in said Court, the defendant's counsel objected to their going to the Jury as evidence, as the judgment, so far as the costs and protest, was in *blank*, and of course, not recovered, as alleged by the decla- ration, and therefore ought to be rejected, upon the ground of variance between the allegation and proof offered. The Judge of that Court overruled the objection, as not forming a material variance, and the plaintiff obtained a verdict : and the question, now presented to this Court, is, whether the Judge erred in overruling the defendant's ob- jections.

In examining this branch of pleading, the Court holds the rule to be, that a material variance is fatal, on a motion for a nonsuit, at the trial, especially if it relate to the description of a record, deed, or other written instrument, in setting forth which the utmost accuracy is required.—*Dunlap's P.* 251 ; 10 *John. R.* 418. The reason, for requiring a greater strictness in describing a written instrument, is, that when there is a variance, it does not appear that the contract, given in evidence, is that, on which the plaintiff declares—1 *Chitty's P.* 304 ; and a variance, however small, in setting out the names, &c. in a bill, or note, is fatal.—1 *Chitty P.* 307 ; 1 *Philips Ev.* 1*st Am. Ed.* 163 : (note.) From the Law, as declared in the before stated case, does this case come within the rule of a material variance ? The plaintiff declares, that he recovered so much, " for " principal, with interest, and also three dollars, the cost of noting and " protest, and thirteen dollars and twenty-three cents, cost of suit, as " by the records and proceedings in this Honorable Court, more fully " appears;" and when the record and proceeding are produced, it appears that he recovered *blank*, for his cost, or, in fact, that he did not recover the three dollars protest fee, nor the thirteen dollars and twenty-three cents, cost of suit.

[Summers *vs.* Mantz & Cameron.]

It is the opinion of this Court, that the variance is a material one, and that the Judge of the Court of Common Pleas erred, in not rejecting the judgment, on account of variance, between the allegation and proof offered. The verdict in this case is therefore set aside, and a new trial ordered in said Court.

Starnes & Phinizy, for Plaintiff.

W. W. Holt, for Defendants.